LANIER, Judge,
Supplementing the dissenting opinion previously filed herein.
In State v. Fortner, 478 So.2d 673, 677-678 (La.App. 2nd Cir.1985), (which is in the January 2, 1986 advance sheet) the court observed that Act 409 of 1984 deleting the statutory exclusion rule evidenced an “obvious legislative intent ... to do away with the sanction of inadmissibility where the warning procedure is not followed” and held that failure to inform a testing candidate of the consequences of taking the test and the results thereof as required by Downer “will not result in the exclusion of the chemical test evidence in a prosecution for driving while intoxicated.”
La.R.S. 32:661(C) has been again amended by Act 382 of 1985 to provide that a chemical testing advice of rights form need contain only the following advice:
(a) his constitutional rights under Miranda v. Arizona; (b) that his driving privileges can be suspended for refusing to submit to the chemical test; and (c) that his driving privileges can be suspended if he submits to the chemical test and such test results show a blood alcohol level of .10 percent or above.
This Act also obviously reflects a legislative intent to overrule Downer.